UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

K.D.R.,

        Plaintiff,

v.                                       Case No. 2:24-cv-01076-SPC-KCD

ALEXANDER L. KEELEY,
CORRECTIONS MONITOR;
DARLA SALLIN, RRC MANAGER;
KATE GEIST, CORRECTIONS
DIRECTOR;  SALVATION ARMY,
CASSANDRA HIRSCHY, MARY
LEDOUX,

        Defendants,

## REPORT & RECOMMENDATION

Plaintiff K.D.R. sued a host of defendants, alleging they violated K.D.R.'s rights under the United States Constitution as well as federal and state law. (*See* Doc. 1.)[1] But K.D.R. did not pay the filing fee or move to proceed in forma pauperis. So the Court directed K.D.R. to do so by December 27, 2024. (Doc. 3.) It also warned K.D.R. that "[f]ailing to exercise one of these options may result in this case being dismissed for failure to prosecute without further notice." (*Id*.)

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

K.D.R. did not respond to the Court's order. To be safe, the Court offered K.D.R. another chance to comply, extending the deadline to February 6, 2025. (Doc. 6.) The Court again warned K.D.R. that it would recommend dismissing the case if K.D.R. did not comply. (*Id.* at 2.) Again, K.D.R. did not respond.

Ignoring the Court's order is grounds for dismissal. "A plaintiff's failure to prosecute diligently can result in dismissal if the plaintiff in response to an order to show cause fails to demonstrate due diligence and just cause for delay." M.D. Fla. R. 3.10. Similarly, the Court has the "inherent power" to dismiss a case for lack of prosecution under its authority to manage its docket. *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). K.D.R. has not diligently prosecuted this case. K.D.R. twice ignored the Court's order and refuses to file an IFP application or pay the filing fee. These actions show a lack of interest.

K.D.R.'s lack of diligence is grounds for dismissal. So, too, is K.D.R.'s failure to maintain an address where the Court can send notices and orders. *See* Fed. R. Civ. P. 11(a) (every paper must state the filer's address). Because K.D.R. has not provided the Court with a valid address, further orders directing them to respond would be futile. Thus, the Court should dismiss this case without prejudice. *See Portnoy v. Safeguard Properties, LLC*, No. 5:19-cv-407-OC-30PRL, 2020 WL 7496409 (M.D. Fla. Mar. 17, 2020) (dismissing case without prejudice for failure to prosecute after *pro se* plaintiff did not update his address as required).

**Recommended** in Fort Myers, Florida on February 11, 2025.

_Kyle C. Dudek_
Kyle C. Dudek
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. To expedite resolution, parties may file a joint notice waiving the 14-day objection period.